UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BOURCIER,

        Plaintiff,                        CIVIL ACTION NO. 12-15174

vs.

                                          DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF                   MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

REPORT AND RECOMMENDATION

**I.     RECOMMENDATION:** This Court recommends that Plaintiff's Motion For Summary Judgment (docket no. 8) be **DENIED**, Defendant's Motion for Summary Judgment (docket no. 10) be **GRANTED**, and Plaintiff's complaint be dismissed.

**II.    PROCEDURAL HISTORY:**

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on May 28, 2010, alleging disability beginning August 27, 2009 due to degenerative disc disease with lower back fusion at L4, L5, and S1. (TR 134-37, 160). The Social Security Administration denied benefits and Plaintiff filed a written request for a *de novo* hearing. On May 13, 2011 Plaintiff appeared with counsel in Mt. Pleasant, Michigan and testified at a hearing held before Administrative Law Judge (ALJ) Kathleen H. Eiler. (TR 53-73). Vocational Expert (VE) David Holwerda also appeared and testified at the hearing. In a June 7, 2011 decision the ALJ found that Plaintiff was not entitled to disability benefits because he remained capable of performing jobs that exist in significant numbers in the national economy. The Appeals Council declined to review

1

the ALJ's decision and Plaintiff filed a complaint for judicial review. The parties filed cross motions for summary judgment which are currently before the Court.

### III. PLAINTIFF'S TESTIMONY AND MEDICAL EVIDENCE

#### A. Plaintiff's Testimony

Plaintiff was forty-one years old on the alleged disability onset date. He completed high school and attended two years of college. (TR 57). He has earned certificates in refrigeration, domestic refrigeration, electricity, heating systems, building maintenance, commercial food preparation and service, and he is a licensed realtor. (TR 161). Plaintiff lives with his partner and on occasion his eighteen year old daughter. (TR 61).

Plaintiff reported that he has not worked since August 2009 due to degenerative disc disease, status post fusion at the L4-L5 and L5-S1 levels. He described having a "break in [his] back" at T7 and reported that he is unable to stand, walk, or sit for more than fifteen to twenty minutes at a time. (TR 57). He testified that his arms tingle and become numb, he has irritable bowel syndrome and difficulty swallowing food. (TR 64-65). He also claimed that he has difficulty sleeping due to pain, which he described as a level six to seven on a good day. (TR 67). Plaintiff reported that he wakes four to five times during the night and has to walk around in order to alleviate the pain. He described his pain as a constant gnawing pain in the lower lumbar and thoracic region of his back which radiates into his groin, testicles, legs and hips. (TR 59, 67). He reported that he is scheduled to have surgery to explore the break at T7 and for removal of titanium rods and screws. (TR 60-61).

Plaintiff testified that his physician directed him to do as little as possible and avoid twisting and turning, bending, lifting more than five pounds, and walking, sitting or standing for longer than fifteen minutes at a time. (TR 61). He claimed that he occasionally uses a cane. Plaintiff testified

that he is most comfortable when he is sitting, braced with ice packs and using his muscle stimulator. He stated that he always wears a TENS unit and he uses a muscle stimulator three to four times each day. (TR 64).

Plaintiff testified that he does not drive, but he does go grocery shopping with his partner and he assists with cooking on good days. He reported that he reads "a lot," he uses the computer and he watches television, but he claimed that his memory is so poor that he often has to re-read the same page over and he cannot remember the details of recently watched television shows. (TR 62, 66). He also claimed that his medications cause him to be forgetful, lose focus, and have difficulty reading. (TR 57-58).

Plaintiff reported that he takes Morphine Sulfate, Flexeril, Sulindac for arthritis, Restoril for sleeping, and a medication to help control his acid reflux and GERD. He stated that he sometimes dozes off when he sits.

**B.    Medical Evidence**

The undersigned has thoroughly reviewed Plaintiff's medical record. In lieu of summarizing the record below, the undersigned will make references and citations to the medical record as necessary in response to the parties' arguments.

**IV.    VOCATIONAL EXPERT TESTIMONY**

The VE testified that Plaintiff's past work in furniture sales was classified as semiskilled light work but performed at a heavy exertional level, and his past employment in telephone services sales was skilled light work but occasionally performed at a medium exertional level. (TR 70). The ALJ asked the VE to testify whether jobs were available for an individual of Plaintiff's age, education, and past work experience who was able to perform sedentary work with an option to sit

3

or stand every twenty minutes, with the further limitations that the individual could only occasionally climb, balance, stoop, crouch, kneel or crawl. (TR 70-71). The VE testified that the hypothetical individual could not perform Plaintiff's past work but could perform work in telephone sales, in addition to sedentary unskilled work as an information or telephone quotation clerk (DOT 237.367-046) and an interviewer or account clerk (DOT 205.367-014), comprising 9,500 jobs in Michigan and 468,000 jobs nationally. (TR 71). The VE testified that all jobs would be eliminated if the hypothetical individual also required at least two unscheduled breaks each day lasting twenty to thirty minutes each, or if the individual had at least three to four unexcused absences per month. (TR 71-72).

## V.      ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff meets the insured status requirements through December 31, 2014. She also found that although Plaintiff has not engaged in substantial gainful activity since the alleged onset date of August 27, 2009, and suffers from the severe impairments of lumbar degenerative disc disease, status post laminectomy, and ulnar nerve irritation, he did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (TR 41-44). The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform sedentary work except that he requires the option to alternate positions between sitting and standing every twenty minutes and he can only occasionally climb, balance, stoop, crouch, kneel and crawl. (TR 44-47). The ALJ concluded that Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (TR 47-48). Consequently, the ALJ found that Plaintiff has not been under

a disability as defined in the Social Security Act from the alleged onset date of August 27, 2009 through June 7, 2011, the date of the ALJ's decision. (TR 49).

## VI. LAW AND ANALYSIS

### A. Standard Of Review

Pursuant to 42 U.S.C. § 405(g), the district court has jurisdiction to review the Commissioner's final decisions. Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### B. Framework for Social Security Disability Determinations

Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff was required to show that:

1. he was not engaged in substantial gainful employment; and
2. he suffered from a severe impairment; and

    3. the impairment met or was medically equal to a "listed impairment;" or
    4. he did not have the residual functional capacity to perform his past relevant work.

20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented him from doing his past relevant work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education and past work experience to determine if he could perform other work. If he could not, he would be deemed disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987) (citation omitted). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question if the question accurately portrays the plaintiff's physical and mental impairments. *Id.* (citations omitted).

**C.    Analysis**

    The Social Security Act authorizes "two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a hearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is

reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff argues that the ALJ erred in assessing his credibility, failed to properly evaluate medical opinions, and failed to follow VE testimony in response to a hypothetical question that accurately portrayed his impairments.

*1.      Credibility Assessment*

Plaintiff first argues that the ALJ's reasons for discrediting his testimony are not supported by substantial evidence. It is well known that "[s]ince the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Sec'y of Health & Human Servs,* 987 F.2d 1230, 1234 (6th Cir. 1993) (citation omitted). A finding that a claimant is not credible must be supported by substantial evidence in the same manner as any other ultimate factual determination.

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.
>
> . . . The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision.

S.S.R. 96-7p, 1996 WL 362209, at *34485-86. The assessment must be based on a consideration of all of the evidence in the case record, including

> Statements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history, treatment and response, prior work record and efforts to work, daily activities, and

>other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work.

*Id.* at *34486.

The Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2). In addition to the available objective medical evidence, the ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. 20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Here, the ALJ reviewed Plaintiff's testimony and other evidence of record and concluded that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his impairments were generally credible. (TR 46). However, the ALJ also concluded that Plaintiff's testimony did not support greater limitations than those included in the RFC. In other words, the ALJ imposed significant limitations on Plaintiff's ability to work, but she did not find that Plaintiff's testimony or the other evidence of record supported a finding of total disability. The ALJ discussed the fact that Plaintiff testified that he used a cane to walk, yet she observed that Plaintiff's treating and examining physicians did not prescribe a cane or at any time discuss Plaintiff's need to use a cane. The ALJ observed that Plaintiff's gait was repeatedly described in the medical records as being

"normal" during the relevant time period. She considered the effects of Plaintiff's medications and his ability to engage in activities of daily living and concluded that these factors did not suggest that Plaintiff's symptoms required greater limitations than found in the RFC. She recognized that Plaintiff used a TENS unit with some relief. The ALJ also made personal observations of Plaintiff during the hearing, as she was entitled to do, and observed that Plaintiff's fit and muscular upper body was not consistent with a history of disabling back pain. In addition to the other evidence of record, the ALJ considered a physical capacities evaluation from Plaintiff's former primary treating physician in which the doctor found that Plaintiff could sit, stand, or walk each for one hour at a time, and he could sit throughout an eight hour work day if allowed to alternate between sitting and standing at will. (TR 413).

Plaintiff argues that his testimony with respect to his complaints of lumbar and thoracic pain, his radiating pain into his neck and hands, the numbness in his hands, and his pain upon standing is supported by the medical evidence and must be accepted. Contrary to Plaintiff's assertions, the ALJ did acknowledge and accept these impairments and incorporated them into the RFC by limiting Plaintiff to sedentary work with postural limitations and the option to sit or stand every twenty minutes. However, the ALJ also recognized and cited to evidence that showed that Plaintiff was not limited to a greater degree than what was accounted for in the RFC. It is the undersigned's opinion that the ALJ considered appropriate factors, supported her credibility finding with substantial evidence, and provided a reasonable explanation for why she found that Plaintiff's testimony was generally credible but not sufficiently credible to support a finding of disability. The ALJ's credibility assessment should not be disturbed.

*2.     Evaluation of Medical Opinions and the Hypothetical Question*

Next, Plaintiff argues that the ALJ failed to properly evaluate the medical evidence, which he claims clearly shows that he is disabled. He also argues that the ALJ failed to adopt VE testimony that was offered in response to a hypothetical question that accurately portrayed his limitations, choosing instead to base her decision on a hypothetical question that did not account for all of his impairments. He claims that based on the medical evidence and his testimony, it is clear that he would be unable to maintain consistent work eight hours a day, forty hours a week, five days a week, and thus the ALJ should have found that he was disabled.

The crux of Plaintiff's arguments is that there is medical evidence to support his testimony that he was in constant severe pain and disabled, and thus the ALJ erred in failing to attribute greater weight to that evidence and conclude that he was disabled. Unquestionably, the record contains evidence to support Plaintiff's testimony. The record shows that Plaintiff underwent a lumbar laminectomy and fusion, had evidence of post-surgical changes in his lumbar spine, consistently complained of pain, and was noted as being in severe pain by his physical therapist as late as March 2010. (TR 345).

Juxtaposed with this evidence is evidence showing that Plaintiff was impaired but not disabled within the meaning of the Social Security Act. Indeed, some of the same records that state that Plaintiff was in severe pain indicate that Plaintiff stood for several hours at a concert post-operatively, state that Plaintiff reported that he could walk for an hour, and indicate that Plaintiff walked for two hours shopping for a microwave oven. (TR 329, 345, 347, 359). As discussed above, the ALJ cited to and discussed evidence that showed that Plaintiff had a normal gait, no evidence of diminished range of motion of the spine, full extremity strength, x-ray examinations showing that his post-surgical condition was largely stable, and that he had the ability to stand, walk,

and sit for up to one hour each, with the ability to sit through an eight hour work day if allowed to alternate positions at will. In addition to the above, the ALJ considered evidence of Plaintiff's ulnar nerve irritation, GERD, hiatal hernia, cervical spondylitis, and history of thoracic fracture and concluded that the GERD, hiatal hernia, ulnar nerve irritation, and degenerative disc disease contributed to his limitation to sedentary work, required him to alternate positions frequently, and restricted his ability to engage in postural activities and lift greater than ten pounds.

Although Plaintiff argues that the ALJ failed to properly assess the medical opinions, he does not point to any one opinion to which he attributes error. He also argues that the hypothetical the ALJ decided to follow did not accurately represent Plaintiff in all respects, simply because the ALJ decided not to follow the hypothetical question which elicited VE testimony that Plaintiff would be precluded from all work if he required at least two unscheduled breaks per day lasting twenty to thirty minutes, or if he would be absent three to four times per month.

As stated above, the crux of Plaintiff's argument is that the ALJ's disability determination should be reversed because there is substantial evidence in the record to support Plaintiff's testimony that he was disabled. However, the standard this Court is required to follow is not whether substantial evidence supports the claimant's testimony, but rather whether substantial evidence supports the ALJ's findings. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d at 1235. It is not within the Court's authority to reverse ALJ findings when they are supported by substantial evidence in the record simply because record evidence also exists to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (discussing the zone of choice within which the Commissioner can act, without the fear of court interference).

11

The ALJ reviewed the evidence of record and made findings that are supported by substantial evidence in the record. The undersigned has considered the parties' arguments in total and finds that the ALJ appropriately assessed Plaintiff's credibility, gave proper consideration to the medical opinion evidence, crafted an RFC that is supported by substantial evidence, posed hypothetical questions that accounted for Plaintiff's credible limitations, and based her step five finding on VE testimony, properly finding that there are jobs that exist in the national economy that Plaintiff can perform. Plaintiff's motion for summary judgment should be denied and Defendant's cross motion granted.

*3.     New Evidence*

Finally, Plaintiff cites to a letter from Nurse Practitioner ("NP") DeCorte which he submitted to the Appeals Council but which was not before the ALJ. (TR 481). The letter states that NP DeCorte disagrees with the ALJ's decision to deny Plaintiff's application for benefits. The letter further states that Plaintiff is not able to work and is not able to stand or sit for any length of time due to chronic back and leg pain.

Plaintiff has not advanced any argument seeking a sentence six remand for consideration of NP DeCorte's letter, and, thus, has waived any such request. *See Kennedy v. Comm'r*, 87 Fed. Appx. 464, 466 (6th Cir. 2003) ("issues which are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Even if he had made such a request, he has not demonstrated that he is entitled to a sentence six remand. To warrant remand back to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) the claimant must submit new evidence that is material and show good cause as to why the evidence was not presented at the prior proceeding. To satisfy the materiality requirement the claimant "must demonstrate that

12

there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.,* 865 F.2d 709, 711 (6th Cir. 1988) (citations omitted).

NP DeCorte's letter is dated April 26, 2012, almost one year after the ALJ's decision. The letter simply recites limited issues pertaining to Plaintiff's medical condition which are already well documented in the record. Plaintiff has not shown that the letter is new evidence, nor explained why the letter was not submitted in time for the ALJ's decision. Furthermore, Plaintiff has not made any argument as to the materiality of the letter or made any showing that there is a reasonable probability that the ALJ would have reached a different disposition of his disability claim if she had been presented with the letter. The undersigned finds that a sentence six remand is not warranted for consideration of NP DeCorte's letter.

**REVIEW OF REPORT AND RECOMMENDATION**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 29, 2013              s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 29, 2013              s/ Lisa C. Bartlett
                                     Case Manager