# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD BOURCIER,

      Plaintiff,

v.

      Case No. 12-CV-15174
      Honorable Denise Page Hood

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION

**I.    INTRODUCTION**

Plaintiff, Donald Bourcier, is before the Court on an appeal of the Administrative Law Judge's June 7, 2011, decision, finding that he is not disabled under §§ 216(i) and 223(d) of the Social Security Act. On October 29, 2013, Magistrate Judge Mona K. Majzoub recommended that this Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. For the reasons stated below, the Court accepts the Report and Recommendation's findings of fact and conclusions of law

1

without addition or omission. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**. The Commissioner's Motion for Summary Judgment is **GRANTED**.

## II.   BACKGROUND

### A.  The Administrative Law Judge's Decision

On May 28, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging that he became disabled on August 27, 2009, due to a degenerative disc disease with lower back fusion at L4, L5, and S1. Plaintiff's claims were initially denied on August 27, 2010. Following this denial, Plaintiff filed a written request for a hearing on September 7, 2010, and a hearing was held on May 13, 2011, in Mt. Pleasant, Michigan before Administrative Law Judge ("ALJ") Kathleen H. Eiler.

In a decision dated June 7, 2011, the ALJ denied Plaintiff's claim for disability benefits, determining that Plaintiff was not disabled. Specifically, the ALJ completed the required five-step sequential evaluation process, pursuant to 20 CFR 404.1520(a), and concluded:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since August 27, 2009, the alleged onset date (20 CFR 404.1571, *et seq.*).

. . . .

3. The claimant has the following severe impairments: lumbar degenerative disc disease, status post laminectomy; ulna nerve irritation (20 CFR 404.1520(c)).

. . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1256).

. . . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he requires the option to alternate positions between sitting and standing every 20 minutes. He can occasionally climb, balance, stoop, crouch, kneel, and crawl.

**[ALJ Decision at 3-4]**.

After completing the five-step evaluation, the ALJ concluded that Plaintiff "is not disabled under sections 216(i) and 223(d) of the Social Security Act." **[ALJ Decision at 9]** The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. On November 26, 2012, Plaintiff filed the instant suit, seeking judicial review of the Commissioner's unfavorable decision.

## B. Magistrate Judge Report and Recommendation

On October 29, 2013, Magistrate Judge Mona K. Majzoub filed a Report and Recommendation concerning Plaintiff's request for benefits. The Magistrate Judge noted that at the hearing, the ALJ "asked the [vocational expert] ("VE") to testify whether jobs were available for an individual of Plaintiff's age, education, and past work experience who was able to perform sedentary work with an option to sit or stand every twenty minutes, with the further limitations that the individual could only occasionally climb, balance, stoop, crouch, kneel or crawl." **[Magistrate Report & Recc. at 4]** In response, the "VE testified that the hypothetical individual could not perform Plaintiff's past work but could perform work in telephone sales, in addition to sedentary unskilled work as an information or telephone quotation clerk (DOT 237.367-046) and an interviewer or account clerk (DOT 205.367-014), comprising 9,500 jobs in Michigan and 468,000 jobs nationally." **[Magistrate Report & Recc. at 4]** The VE further testified that "all jobs would be eliminated if the hypothetical individual also required at least two unscheduled breaks each day lasting twenty to thirty minutes each, or if the individual had at least three to four unexcused absences per month." **[Magistrate Report & Recc. at 4]**

Additionally, the Magistrate Judge noted that the ALJ determined that Plaintiff "has the residual functional capacity (RFC) to perform sedentary work except that he

4

requires the option to alternate positions between sitting and standing every twenty minutes and he can only occasionally climb, balance, stoop, crouch, kneel and crawl."

**[Magistrate Report & Recc. at 4]** The Magistrate Judge noted the ALJ's determination that Plaintiff "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy" and, consequently, the ALJ's finding that Plaintiff has "not been under a disability as defined in the Social Security Act from the alleged onset date of August 27, 2009, through June 7, 2011, the date of the ALJ's decision." **[Magistrate Report & Recc. at 4-5]**

In determining to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment, the Magistrate Judge assessed each of Plaintiff's arguments, "that the ALJ erred in assessing his credibility, failed to properly evaluate medical opinions, and failed to follow VE testimony in response to a hypothetical question that accurately portrayed his impairments," separately. As to the credibility assessment, the Magistrate Judge stated:

> Here, the ALJ reviewed Plaintiff's testimony and other evidence of record and concluded that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his impairments were generally credible. [] However, the ALJ also concluded that Plaintiff's testimony did not support greater limitations than those included in the RFC. In other words, the ALJ imposed significant limitations on

> Plaintiff's ability to work, but she did not find that Plaintiff's testimony or the other evidence of record supported a finding of total disability. The ALJ discussed the fact that Plaintiff testified that he used a cane to walk, yet she observed that Plaintiff's treating and examining physicians did not prescribe a cane or at any time discuss Plaintiff's need to use a cane. The ALJ observed that Plaintiff's gait was repeatedly described in the medical records as being "normal" during the relevant time period. She considered the effects of Plaintiff's medications and his ability to engage in activities of daily living and concluded that these factors did not suggest that Plaintiff's symptoms required greater limitations than found in the RFC. She recognized that Plaintiff used a TENS unit with some relief.
>
> The ALJ also made personal observations of Plaintiff during the hearing, as she was entitled to do, and observed that Plaintiff's fit and muscular upper body was not consistent with a history of disabling back pain. In addition to the other evidence of record, the ALJ considered a physical capacities evaluation from Plaintiff's former primary treating physician in which the doctor found that Plaintiff could sit, stand, or walk each for one hour at a time, and he could sit throughout an eight hour work day if allowed to alternate between sitting and standing at will.

**[Magistrate Report & Recc. at 8-9]** The Magistrate Judge noted that "the ALJ did acknowledge and accept [Plaintiff's] impairments and incorporated them into the RFC by limiting Plaintiff to sedentary work with postural limitations and the option to sit or stand every twenty minutes . . . [but] also recognized and cited to evidence that showed that Plaintiff was not limited to a greater degree than what was accounted for in the RFC." **[Magistrate Report & Recc. at 9]** Based on this assessment, the

Magistrate Judge determined that the ALJ's "credibility assessment should not be disturbed" because the ALJ "considered [the] appropriate factors, supported her credibility finding with substantial evidence, and provided a reasonable explanation for why she found that Plaintiff's testimony was generally credible but not sufficiently credible to support a finding of disability." **[Magistrate Report & Recc. at 9]**

As to Plaintiff's argument that the ALJ "failed to properly evaluate the medical evidence, which [Plaintiff] claims clearly shows that he is disabled," the Magistrate Judge determined that though "the record contains evidence to support Plaintiff's testimony," Plaintiff "does not point to any one opinion to which he attributes error." **[Magistrate Report & Recc. at 10, 11]** The Magistrate Judge noted that the standard this Court is required to follow is "not whether substantial evidence supports the claimant's testimony, but rather whether substantial evidence supports the ALJ's findings." *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d at 1235. The Magistrate Judge also noted that it is "not within the Court's authority to reverse ALJ findings when they are supported by substantial evidence in the record simply because record evidence also exists to support a different conclusion." *See Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001). Because the ALJ "reviewed the evidence of record and made findings that are supported by substantial evidence in the record," . . . "crafted an RFC that is supported by substantial evidence, posed hypothetical

7

questions that accounted for Plaintiff's credible limitations, and based her step five finding on VE testimony, properly finding that there are jobs that exist in the national economy that Plaintiff can perform," the Magistrate Judge determined that Plaintiff's Motion for Summary Judgment should be denied. **[Magistrate Report & Recc. at 12]**

Finally, the Magistrate Judge assessed Plaintiff's assertion that the ALJ failed to follow VE testimony in response to a hypothetical question that accurately portrayed his impairments. For this argument, Plaintiff relied on a letter from Nurse Practitioner DeCorte, a letter that he submitted to the Appeals Council but which was not before the ALJ. In the letter, DeCorte disagreed with the ALJ's decision to deny Plaintiff's application for benefits and stated that Plaintiff is in fact unable to work and unable to stand or sit for any length of time due to chronic back and leg pain. Addressing this argument, the Magistrate Judge noted:

> Plaintiff has not advanced any argument seeking a sentence six remand for consideration of NP DeCorte's letter, and, thus, has waived any such request. *See Kennedy v. Comm'r*, 87 Fed. Appx. 464, 466 (6th Cir. 2003) ("issues which are adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Even if he had made such a request, he has not demonstrated that he is entitled to a sentence six remand. To warrant remand back to the ALJ pursuant to sentence six of 42 U.S.C. § 405(g) the claimant must submit new evidence that is material and show good cause

>as to why the evidence was not presented at the prior proceeding. To satisfy the materiality requirement the claimant "must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (citations omitted).

**[Magistrate Report & Recc. at 12-13]** The Magistrate Judge also noted that DeCorte's letter was "dated April 26, 2012, almost one year after the ALJ's decision." **[Magistrate Report & Recc. at 13]** Instead of advancing a sentence six remand, the Magistrate Judge stated that the "letter simply recites limited issues pertaining to Plaintiff's medical condition which are already well documented in the record" and noted that Plaintiff failed to "show[] that the letter is new evidence, nor explain[] why the letter was not submitted in time for the ALJ's decision." **[Magistrate Report & Recc. at 13]** Additionally, Plaintiff failed to make an argument that the letter is material or "that there is a reasonable probability that the ALJ would have reached a different disposition of his disability claim if she had been presented with the letter." **[Magistrate Report & Recc. at 13]** Consequently, the Magistrate Judge determined that a sentence six remand is not warranted for consideration of the letter and Plaintiff's Motion for Summary Judgment should be denied.

9

## III. ANALYSIS

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Any objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L. R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."). "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Failing to file any objections waives a party's right to further appeal, *see id.*, and relieves the Court from its duty to review the matter independently. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Neither party has filed an objection to the Magistrate Judge's Report and Recommendation. In the absence of any timely and specific objections to the Report and Recommendation, the Court deems all objections waived and finds the Magistrate

Judge's recommendation sound and appropriate. The Report and Recommendation's conclusions of law are accepted.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Docket No. 11, filed October 29, 2013]** is **ACCEPTED**. The Court accepts the Report and Recommendation's findings of fact and conclusions of law in their totality.

**IT IS FURTHER ORDERED** that Plaintiff Donald Bourcier's Motion for Summary Judgment **[Docket No. 8, filed March 15, 2013]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment **[Docket No. 10, filed May 15, 2013]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: December 19, 2013

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2013, by electronic and/or ordinary mail.

                          s/LaShawn R. Saulsberry
                          Case Manager